RELATED DDI

FILED
3/4/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ CS ___ DEPUTY

Received 1/26
_____
(Date)

Scanned at LAC and E-mailed
on ___3/4/26 by ___L.L___
(Date)        (Initials)

Number of pages scanned:
33

SYLEE CASTLE
FULL NAME

SYLEE CASTLE
COMMITTED NAME (if different)

44750 60th STREET
FULL ADDRESS INCLUDING NAME OF INSTITUTION

LANCASTER, CA. 93539

C82790
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SYLEE CASTLE

PLAINTIFF,

v.

A. SERRANO
A. LUGO
J. COLEMAN

DEFENDANT(S).

CASE NUMBER **CV21-1994-JVS(JDE)**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.   PREVIOUS LAWSUITS

1.   Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2.   If your answer to "1." is yes, how many?   1 2

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

1.   1997 OR 1998 DON'T REMEMBER THE CASE NAME OR CASE NUMBER

2.   PLAINTIFF: SYLEE CASTLE

DEFENDANTS: MARELA et, al.

COURT: U.S. NORTHERN DISTRICT OF CALIFORNIA

CASE NUMBER: C-03-3931

JUDGE: I DON'T REMEMBER

DISPOSITION: DISMISS ON SUMMARY JUDGMENT

ISSUE RAISED: RETALIATION AND (ADA) VIOLATION

---

CIVIL RIGHTS COMPLAINT

CV-66 (7-97)                                                                                           Page 1 of 6

1   SV LEE CASTLE V. A.K. SCRIBNER et, al.

2   U.S. EASTERN DISTRICT COURT.

3   04. CV-6624

4   JUDGE: SANDRA H. SNYDER.

5   DISMISSED ON SUMMARY JUDGMENT

6   DELIBERAT INDIFFERENCE TO PLAINTIFF MEDICAL NEEDS

7   DATE OF FILING LAWSUIT: I DON'T REMEMBER

8   DATE OF DISPOSITION: I DON'T REMEMBER

9

10   PLAINTIFF: SV LEE CASTLE

11   DEFENDANT: M. KNOWLES et, al

12   COURT: U.S. EASTERN DISTRICT OF CALIFORNIA

13   DOCKET NUMBER: 1:06-CV-1267 JAT

14   JUDGE: JAMES A. ECELSON

15   DISPOSITION: DISMISSED ON SUMMARY JUDGMENT

16   ISSUES RAISED: VIOLATION OF AMERICANS WITH DISABILITIES ACT

17   DATE OF FILING: AUGUST 27, 2006

18   DATE OF DISPOSITION: JUNE 2, 2010

19

20   PLAINTIFF: SV LEE CASTLE

21   DEFENDANT: A. MEDBERTH et, al.

22   COURT: U.S. EASTERN DISTRICT OF CALIFORNIA

23   CASE NUMBER: 06: CV-01754

24   JUDGE: SANDRA H. SNYDER

25   DISPOSITION: DISMISSED ON SUMMARY JUDGMENT

26   ISSUES RAISED: INTERFERING WITH FREE EXERCISE OF RELIGION

27   DATE OF FILING: I DON'T REMEMBER

28   DATE OF DISPOSITION: I DON'T REMEMBER

1  PLAINTIFF: SY LEE CASTLE

2  DEFENDANT: C. CHEN

3  COURT: U.S. CENTRAL DISTRICT OF CALIFORNIA

4  CASE NUMBER: 1:12-CV-0326

5  JUDGE: MICHAEL D. SELS

6  DISPOSITION: SETTLEMENT

7  ISSUES RAISED: RETALIATION AND DELIBERATE INDIFFERENCE TOWARD

8  MEDICAL NEEDS

9  DATE OF FILING: MARCH 5, 2012

10 DATE OF DISPOSITION: SEPTEMBER 22, 2014

11

12 PLAINTIFF: SY LEE CASTLE

13 DEFENDANT: MICHAEL SCHULVERA

14 COURT: NORTHERN DISTRICT OF CALIFORNIA

15 JUDGE: LUCY H. KOH

16 DISPOSITION: DISMISSED ON SUMMARY JUDGMENT

17 ISSUES RAISED: DELIBERATE INDIFFERENCE TOWARDS MEDICAL NEEDS

18 DATE OF FILING: MAY 2, 2012

19 DATE OF DISPOSITION: I DON'T REMEMBER

20

21 PLAINTIFF: SY LEE CASTLE

22 DEFENDANT: S. SOTO et, al

23 COURT: U.S. CENTRAL DISTRICT OF CALIFORNIA

24 JUDGE: MARGARET M. MORROW

25 DISPOSITION: DISMISSED WITHOUT PREJUDICE

26 ISSUES RAISED: VIOLATION OF (ADA)

27 DATE OF FILING: DECEMBER 17, 2014

28 DATE OF DISPOSITION: JANUARY 13, 2016

1  PLAINTIFF: SYLEE CASTLE

2  DEFENDANT: J. SOLIS et. al

3  COURT: U.S. NORTHERN DISTRICT OF CALIFORNIA

4  CASE NUMBER: CV-13-2239

5  JUDGE: LUCY H. KOH

6  DISPOSITION: SETTLEMENT

7  ISSUES RAISED: INTERFERENCE WITH FREE EXERCISE OF RELIGION AND
8  RETALIATION

9  DATE OF FILING: MAY 19, 2013

10  DATE OF DISPOSITION: MAY 12, 2017

11

12  PLAINTIFF: SYLEE CASTLE

13  DEFENDANT: S. FEANEY et, al.

14  COURT: U.S. CENTRAL DISTRICT OF CALIFORNIA

15  CASE NUMBER: CV-16-9411

16  JUDGE: JOHN D. EARLY

17  DISPOSITION: STILL PENDING

18  ISSUE RAISED: INADEQUATE ACCESS TO OUTDOOR EXERCISE

19

20  PLAINTIFF: SYLEE CASTLE

21  DEFENDANT: A. LUGO

22  COURT: U.S. CENTRAL DISTRICT OF CALIFORNIA

23  CASE NUMBER: CV: 16-8824

24  JUDGE: JOHN D. EARLY

25  DISPOSITION: SETTLEMENT

26  ISSUE RAISED: INADEQUATE ACCESS TO OUTDOOR EXERCISE

27

28

PLAINTIFF: STEEL CASSEL

DEFENDONT: A. LUGO et, al

COURT: U.S. CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER: CV-19-0374

JUDGE: JOHN D. EARLY

DISPOSITION: SETTLEMENT

ISSUE RAISED: INADEQUATE ACCESS TO OUTDOOR EXERCISE

a.   Parties to this previous lawsuit:
Plaintiff _____

     Defendants _____

     _____

b.   Court _____

     _____

c.   Docket or case number _____

d.   Name of judge to whom case was assigned _____

e.   Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it
     appealed? Is it still pending?) _____

f.   Issues raised: _____

     _____

     _____

g.   Approximate date of filing lawsuit: _____

h.   Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

    If your answer is no, explain why not _____

    _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ___SYLEE CASTLE___
                                                        (print plaintiff's name)

who presently resides at __44750  60ᵗʰ  STREET  LANCASTER  CA. 93539__
                                        (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

__CALIFORNIA STATE PRISON - LOS ANGELES COUNTY__
                    (institution/city where violation occurred)

CIVIL RIGHTS COMPLAINT

on (date or dates) _____

| (Claim I) | (Claim II) | (Claim III) |

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than
        five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   A. SCARANO   resides or works at
                (full name of first defendant)

    44750 60ᵗʰ STREET LANCASTER, CA. 93539
    (full address of first defendant)

    CORRECTIONAL OFFICER
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    SEE ATTACHED PAGES

2.  Defendant   A. LUGO   resides or works at
                (full name of first defendant)

    44750  60ᵗʰ STREET LANCASTER, CA. 93539
    (full address of first defendant)

    CORRECTIONAL LIEUTENANT
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    SEE ATTACHED PAGES

3.  Defendant   PUTATIVE
                J. COLEMAN   resides or works at
                (full name of first defendant)

    44750  60ᵗʰ STREET LANCASTER, CA. 93539
    (full address of first defendant)

    CORRECTIONAL OFFICER
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    SEE ATTACHED PAGES

4.   Defendant _____ resides or works at
   (full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.   Defendant _____ resides or works at
   (full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

D. CLAIMS*

CLAIM

The following civil right has been violated:

DEFENDANT A. SERRANO AND A. LUGO RETALIATED AGAINST PLAINTIFF FOR EXERCISING HIS FIRST AMENDMENT RIGHT TO SEEK PETITION FOR REDRESS, 42 U.S.C. § 1983 · COURT ACTION

CLAIM II

DEFENDANT A. SERRANO USED UNREASONABLE AND UNNECESSARY USE OF FORCE THAT CAUSED PLAINTIFF PAIN VIOLATING HIS EIGHT AMENDMENT RIGHT

CLAIM III

DEFENDANT A. SERRANO SEXUALLY ABUSED PLAINTIFF FOR EXERCISING HIS RIGHT TO SEEK PETITION FOR REDRESS VIOLATING HIS EIGHT AMENDMENT RIGHT

CLAIM IV

DEFENDANT A. SERRANO SEXUALLY ABUSE PLAINTIFF FOR EXERCISING HIS RIGHT TO SEEK PETITION FOR REDRESS VIOLATE TO HIS EIGHT AMENDMENT RIGHT

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

① ON 2/3/2019 AT APPROXIMATELY 4:50 PM AS PLAINTIFF WAS BEING WHEELCHAIR OUT OF THE DINING HALL BY INMATE ANTHONY R. HOSKINS SR. DEFENDANT A. SERRANO STATED ASSHOLE CASSEL AND SHE PERSON PUSHING HIM TO STEP OUT OF LINE TO BE SEARCHED

② THEN DEFENDANT A. SERRANO STATED CASSEL WHY ARE YOU ALWAYS SNITCHING ON STAFF BY WRITING 602'/GRIEVANCE COMPLAINTS AND FILING LAW SUITS. SINCE PLAINTIFF REFUSED TO TALK, DEFENDANT A. SERRANO STATED LETS GO TO MEDICAL SO I CAN STRIP SEARCH YOUR CRIPPLE ASS

③ WHILE IN B-FACILITY MEDICAL HOLDING TANK/CELL DEFENDANT A. SERRANO ORDERED PLAINTIFF TO TAKE OFF ALL MY CLOTHES, ONCE I WAS TOTALLY NAKED DEFENDANT A. SERRANO TOLD PLAINTIFF TO STAND UP AND BEND OVER AND SPREAD YOUR BUST CHEEKS AND COUGH, I SAID IM HAVING PROBLEMS WITH STANDING UP

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CLAIM IV

PUTATIVE DEFENDANT J. COLEMAN OMITTED WHEN HE FAILED TO
INTERVENE AND FAILED TO ACCURATELY AND PROMPTLY REPORT TO
HIS SUPERIOR(S) PLAINTIFF BEING SEXUALLY ABUSE BY DEFENDANT
A. SERRANO VIOLATING PLAINTIFFS EIGHT AMENDMENT RIGHT

5. DEFENDANT A. SERRANO THEN HANDCUFFED PLAINTIFF AND ATTACKED ME BY SLAMMING ME ON THE GROUND SCREAMING IN PAIN AND THEN PUT HIS KNEE ON MY NECK WHILE I WAS CRYING AND PLEADED WITH DEFENDANT J. COLEMAN TO HELP ME WHICH HE TURNED A BLIND EYE

6. DEFENDANT SERRANO STATED ME AND LIEUTENANT LUGO IS FED UP WITH YOU, IM WARNING YOU TO STOP THIS BULLSH.T WRITING UP STAFFS. THEN DEFENDANT SERRANO PUT HIS KNEE ON THE LEFT SIDE OF MY FACE AS I CONTINUE TO SCREAM OUT IN PAIN AND TOOK HIS BATON AND RUBBED IT IN BETWEEN MY BUTT CHEEKS STATING I SHOULD STICK IT IN YOUR ASS YOU FUCKING CONVICT

7. THEN DEFENDANT A. SERRANO SAID THE NEXT (TIME) I HEAR ABOUT YOU WRITING UP ANOTHER OFFICER IM GOING TO WRITE YOUR ASS 115 RULE VIOLATION REPORT FOR ASSAULTING ME BY RUNING OVER MY FEET WITH YOUR WHEELCHAIR.

8. PUTATIVE DEFENDANT J. COLEMAN OMITTED WHEN HE FAILED TO ACCURATELY AND PROMPTLY REPORT TO HIS SUPERIOR(S) PLAINTIFF BEING SEXUALLY ABUSED BY DEFENDANT A. SERRANO

8. INMATE   CHAC WALL F. 95913 WAS AN EYEWITNESS THAT SEEN DEFENDANT A. SERRANO PUT HIS KNEE ON PLAINTIFF NECK AND FACE, THEN RUBBED HIS BATON IN BETWEEN MY BUTT CHECKS

### JURISDICTION

9. THIS CASE IS BROUGHT PURSUANT TO PLAINTIFF WAS RETALIATED AGAINST BY DEFENDANTS A. SERRANO AND A. LUGO FOR EXERCISING HIS FIRST AMENDMENT RIGHT TO SEEK PETITION FOR REDRESS,

10. THIS CASE IS BROUGHT PURSUANT TO DEFENDANT A. SERRANO USE UNREASONABLE AND UNNECESSARY USE OF FORCE AGAINST PLAINTIFF THAT CAUSED HIM PAIN

5 : 1

1  (1) THIS CASE IS BROUGHT PURSUANT TO PUTATIVE DEFENDANT

2  J. COLEMAN OMITTED WHEN HE FAILED TO ACCURATELY AND

3  PROMPTLY REPORT TO HIS SUPERIOR(S) PLAINTIFF BEING SEXUALLY

4  ABUSED BY DEFENDANT A. SERRANO.

5  THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND

6  1343.

7                          VENUE

8  (2) VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA

9  UNDER 28 U.S.C. § 1391(b) BECAUSE THE EVENTS GIVEN RISE

10  TO PLAINTIFF CLAIMS OCCURRED WITHIN THE JUDICIAL DISTRICT

11  AND BECAUSE THE DEFENDANTS RESIDE IN THE DISTRICT.

12  (3) ON FEBRUARY 12, 2019 PLAINTIFF FILED A GRIEVANCE

13  COMPLAINT APPEAL LOG NO. CAC-D-19-01230 THAT WAS DENIED

14  ON THE SECOND LEVEL OF REVIEW.

15  (4) ON APRIL 25, 2019 PLAINTIFF FILED A THIRD LEVEL OF REVIEW

16  APPEAL LOG NO. CAC-D-19-01230 THAT WAS DENIED ON

17  JULY 23, 2019 AT THE THIRD LEVEL OF REVIEW.

18

19                  FIRST CAUSE OF ACTION

20                  DEFENDANT A. SERRANO

21                  AND DEFENDANT A. LUGO

22                  RETALIATED AGAINST

23                  PLAINTIFF FOR EXERCISING

24                  HIS FIRST AMENDMENT RIGHTS

25                  TO SEEK PETITION FOR REDRESS

26                  42 U.S.C. § 1983 - COURT ACTION

27

28

(15) PLAINTIFF HEREBY REALLEGE AND INCORPORATE ALL PROCEEDING PARAGRAPHS AS FULLY SET FORTH HEREIN 1-14

(16) THIS IS AN ACTION AT LAW TO ADDRESS THE DEPRIVATION UNDER THE COLOR OF STATE ORDINANCE REGULATIONS, CUSTOMS OF USAGE OR RIGHT, PRIVILEGE AND IMMUNITIES SECURED TO PLAINTIFF BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION ARISING UNDER THE LAW AND STATUES OF THE STATE OF CALIFORNIA

(17) DEFENDANT A. SERRANO WAS AT ALL TIMES MENTIONED HEREIN A PRISON CORRECTIONAL OFFICER ACTED WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND UNDER THE COLOR OF LAW, AND IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

(18) DEFENDANT A. LUGO WAS AT ALL TIMES MENTIONED HEREIN A PRISON CORRECTIONAL LIEUTENANT ACTED WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND UNDER THE COLOR OF LAW, AND IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

(19) PUTATIVE DEFENDANT J. COLEMAN WAS AT ALL TIMES MENTIONED HEREIN A PRISON CORRECTIONAL OFFICER ACTED WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND UNDER THE COLOR OF LAW, AND IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

(20) ON 2/3/2019 AT APPROX.MABLY 4:50 PM AS PLAINTIFF WAS BEING WHEELCHAIRED OUT OF THE DINNING HALL BY INMATE ANTHONY R. HOSKINS SR. DEFENDANT A. SERRANO STATED ASSHOLE CASSEL AND THE PERSON PUSHING him/PLAINTIFF TO STEP OUT OF LINE TO BE SEARCHED.

(21) THEN DEFENDANT A. SERRANO STATED CASSEL WHY ARE YOU ALWAYS SNITCHING ON STAFF BY WRITING 602'/GRIEVANCE COMPLAINTS AND FILING LAW SUITS. SINCE PLAINTIFF REFUSED TO RESPOND

13-13

DEFENDANS A. SERRANO STATED LETS GO TO MEDICAL SO I CAN STRIP SEARCH YOUR CRIPPLE ASS.

(2) WHILE IN B-FACILITY YARD MEDICAL HOLDING TANK/CELL DEFENDANS A. SERRANO ORDERED PLAINTIFF TO TAKE OFF ALL MY CLOTHES, ONCE I WAS TOTALLY NAKED DEFENDANT A. SERRANO TOLD PLAINTIFF TO STAND UP AND BEND OVER AND SPREAD YOUR BUTT CHECKS AND COUGH, I SAID IM HAVING PROBLEMS WITH STANDING UP

(3) THEN DEFENDANS A. SERRANO HANDCUFFED PLAINTIFF BEHIND HIS BACK WHILE I WAS IN MY WHEELCHAIR, AND THEN DEFENDANT A. SERRANO ATTACKED PLAINTIFF BY SLAMMING ME ON THE GROUND AND PLAINTIFF SCREAMED OUT LOUD IN PAIN AND THEN DEFENDANS A. SERRANO PUT HIS KNEE ON MY NECK WHILE I WAS CRYING AND PLEADING WITH DEFENDANT J. COLEMAN TO HELP ME WHICH HE TURNED A BLIND EYE

(4) DEFENDANS SERRANO STATED ME AND LIEUTENANT LUGO IS FED UP WITH YOU, I'M WARNING YOU TO STOP OTHER BULLSHIT WRITING UP STAFFS THEN DEFENDANT SERRANO PUT HIS KNEE ON THE LEFT SIDE OF MY FACE AS I CONTINUE TO SCREAM OUT IN PAIN AND TOOK HIS BATON AND RUBBED IT IN BETWEEN MY BUTT CHEEKS STATING I SHOULD STICK IT IN YOUR ASS YOU FUCKING CONVICT.

(5) DEFENDANS A. SERRANO SAID THE NEXT TIME I HEAR ABOUT YOU WRITING UP ANOTHER OFFICER IM GOING TO WRITE YOUR ASS A 115 RULE VIOLATION REPORT FOR ASSAULTING ME BY RUNNING OVER MY FOOT WITH YOUR WHEELCHAIR.

(6) DEFENDANS A. SERRANO ACTIONS AND OMISSION ESTABLISHED HIS INVOLVEMENT IN REGALIATING AGAINST PLAINTIFF FOR EXERCISING HIS FIRST AMENDMENT RIGHTS TO SEEK PETITION FOR REDRESS AND

1  THE ABOVE SHOWS DEFENDANT A. SERRANO MENTAL CUPABILITY

2  THAT SERVED NO LEGISIMATE PENOLOGICAL INTEREST OR PURPOSE

3  (27) AS A DIRECT AND PROXIMATE RESULT THE ACTS AND

4  OMISSIONS OF DEFENDANT A. SERRANO, PLAINTIFF HAS BECOME

5  MENTALLY UPSET, DISTRESSED AND AGGRAVATED. BY REASON OF

6  THE AFORE DISCRIBED ACTS AND OMISSIONS OF DEFENDANT

7  A. SERRANO, PLAINTIFF HAS SUFFERED NIGHTMARES, ANXIETY,

8  HUMILIATION, INDIGNITIES AND INTIMIDATION.

9  (28) THE AFORE MENTIONED ACTS OF DEFENDANT A. SERRANO WERE

10  WILLFUL, WANTON, MALICIOUS, OPPRESSIVE, VEXATIOUS,

11  DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE TO AND/OR

12  CALLOUS DISREGARD TO PLAINTIFF EXERCISING HIS FIRST

13  AMENDMENT RIGHT TO SEEK PETITION FOR REDRESS 41 U.S.C. §

14  1983. COURT ACTION AND JUSTIFY AN AWARD OF COMPENSATORY

15  DAMAGE AND PUNITIVE DAMAGES

16  (29) IN COMMITTING THE ACTS SET FORTH ABOVE, DEFENDANT

17  A. SERRANO VIOLATED PLAINTIFF FEDERAL PROTECTED RIGHTS

18  UNDER THE FIRST AMENDMENT TO THE UNITED STATES

19  CONSTITUTION

20  (30) DEFENDANT A. LUGO SET INTO MOTION A SERIES OF

21  ACTIONS IN WHICH SUBJECTED PLAINTIFF TO SUFFER THE

22  RETALIATION ACTIONS BY DEFENDANT A. SERRANO AND PUTATIVE

23  DEFENDANT S. COLEMAN ON 2/3/2019 WHICH CAUSED PLAINTIFF

24  HARM BY HANDCUFFING PLAINTIFF HANDS BEHIND HIS BACK IN

25  MECHANICAL RESTRAINTS, ATTACKING PLAINTIFF BY SLAMMING

26  PLAINTIFF ON THE GROUND, DEFENDANT A. SERRANO PUTTING HIS

27  KNEE ON THE BACK OF PLAINTIFF NECK, THEN PUTTING HIS

28  KNEE ON THE LEFT SIDE OF PLAINTIFF FACE, USING UNREASONABLE

5-5

AND UNNECESSARY USE OF FORCE AND WHEN SEXUALLY ABUSED
PLAINTIFF BY RUBBING HIS BATON IN BETWEEN MY BUTT CHEEKS
AND THREATENING TO STICK THE BATON IN MY RECTUM, IN WHICH
RESULTED IN NO DISCIPLINARY RULE VIOLATION REPORT AGAINST
PLAINTIFF

(31) EVEN THOUGH DEFENDANT A. LUGO DUTY AS A LIEUTENANT IS
TO OVERSEE, TRAIN AND/OR INSTRUCT HIS SUBORDINATES CSP-LAC-B
(CUSTODIAL STAFF. DEFENDANTS A. SERRANO AND J. COLEMAN) WHEN
THEY RESORTED TO THE USE OF FORCE ON PRISONERS A RULE
VIOLATION REPORT AS WELL AS AN INCIDENT AND MEDICAL REPORT
MUST BE LOGGE, IN WHICH SUCH WAS NOT IN THE CASE AGAINST
PLAINTIFF ON 2/3/2019.

(32) SO TO DEFENDANT A. LUGO ACTS OF HAVING DEFENDANTS
A. SERRANO AND J. COLEMAN TO INTIMIDATE AND COERCE
PLAINTIFF FROM SEEKING PETITION FOR REDRESS WITH THE COURTS
OF PLAINTIFF CONDITIONS IN PRISON WHILE CSP-LAC-B. APPEAL
LOG NO. LAC-B-17-01167 AND APPEAL LOG NO. 17-05385

(33) DEFENDANT A. LUGO WAS INDIFFENT TO PLAINTIFF SERIOUS MEDICAL
CONDITIONS AND PLAINTIFF CIVIL RIGHTS TO PETITION THE COURT
FOR REDRESS BY HIS ACTS SETTING INTO MOTION THE ACTIONS OF
HIS SUBORDINATES AND INTENTIONAL COVER-UP BY NO RULE
VIOLATION REPORT BEING ISSUED TO PLAINTIFF

(34) DEFENDANT A. LUGO ACTIONS AND OMISSION ESTABLISHED
HIS INVOLVEMENT IN RETALIATING AGAINST PLAINTIFF FOR
EXERCISING HIS FIRST AMENDMENT RIGHT TO SEEK PETITION FOR
REDRESS AND THE ABOVE SHOWS DEFENDANT A. LUGO MENTAL
CUPABILITY THAT SERVED NO LEGITIMATE PENOLOGICAL INTEREST OR
PURPOSE

35. AS A DIRECT AND PROXIMATE RESULT THE ACTS AND
OMISSIONS OF DEFENDANT A. LUGO, PLAINTIFF HAS BECOME
MENTALLY UPSET, DISTRESSED AND AGGRAVED BY REASON OF
THE AFORE DISCRIBED ACTS AND OMISSIONS OF DEFENDANT
A. LUGO, PLAINTIFF HAS SUFFERED NIGHTMARES, ANXIETY,
HUMILIATION, INDIGNITIES AND INTIMIDATIONS.

36. THE AFORE MENTIONED ACTS OF DEFENDANT A. LUGO WERE
WILLFUL, WANTON, MALICIOUS, OPPRESSIVE, VEXATIOUS,
DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE TO AND/OR
CALLOUS DISREGARD TO PLAINTIFF EXERCISING HIS FIRST
AMENDMENT RIGHT TO SEEK PETITION FOR REDRESS 42 U.S.C. §
1983. COURT ACTION AND JUSTIFY AN AWARD OF COMPENSATORY
DAMAGE AND PUNITIVE DAMAGES

37. IN COMMITTING THE ACTS SET FORTH ABOVE, DEFENDANT
A. LUGO VIOLATED PLAINTIFF FEDERAL PROTECTED RIGHTS
UNDER THE FIRST AMENDMENT TO THE UNITED STATES
CONSTITUTION


SECOND CAUSE OF ACTION
DEFENDANT A. SERRANO
USED UNREASONABLE AND
UNNECESSARY USE OF
FORCE ON PLAINTIFF THAT
CAUSED HIM PAIN

38. ON 2/3/2019 AT APPROXIMATELY 4:50PM AS PLAINTIFF WAS
BEING WHEELCHAIRED OUT OF THE DINNING HALL BY INMATE
ANTHONY R. HOSKINS SR. DEFENDANT A. SERRANO STATED
ASSHOLE CASSLE AND THE PERSON PUSHING HIM TO GET OUT

OF LINE TO BE SEARCHED

(39) THEN DEFENDANT A. SERRANO STATED CASTLE WHY ARE YOU ALWAYS SNITCHING ON STAFF BY WRITING 602'/ GRIEVANCE COMPLAINTS AND FILING LAW SUITS. SINCE PLAINTIFF REFUSED TO TALK, DEFENDANT A. SERRANO STATED LETS GO TO MEDICAL SO I CAN STRIP SEARCH YOUR CRIPPLE ASS.

(40) WHILE IN B-FACILITY MEDICAL HOLDING TANK/CELL DEFENDANT A. SERRANO ORDERED PLAINTIFF TO TAKE OFF ALL MY CLOTHES, ONCE I WAS TOTALLY NUDE DEFENDANT A. SERRANO TOLD ME TO STAND UP AND BEEN OVER AND SPREAD YOUR BUTT CHEEKS AND COUGH, I SAID IM HAVING PROBLEMS WITH STANDING UP.

(41) DEFENDANT A. SERRANO THEN HANDCUFFED PLAINTIFFS HANDS BEHIND HIS BACK AND ATTACKED PLAINTIFF BY SLAMMING ME ON THE GROUND SCREAMING IN PAIN AND THEN PUT HIS KNEE ON MY NECK WHILE I WAS CRYING AND PLEADED WITH DEFENDANT J. COLEMAN TO HELP ME WHICH HE TURNED A BLIND EYE

(42) DEFENDANT A. SERRANO STATED ME AND LIEUTENANT LUGO IS FED UP WITH YOU, IM WARNING YOU TO STOP THAT BULLSHIT WRITING UP STAFFS, THEN DEFENDANT SERRANO PUT HIS KNEE ON THE LEFT SIDE OF MY FACE AS I CONTINUE TO SCREAM OUT IN PAIN AND THEN DEFENDANT A. SERRANO TOOK HIS BATON AND RUBBED IT IN BETWEEN MY BUTTCHEEKS STATING I SHOULD STICK IT IN YOUR ASS YOU FUCKING CONVICT

(43) THEN DEFENDANT A. SERRANO SAID THE NEXT TIME I HEAR ABOUT YOU WRITING UP ANOTHER OFFICER IM GOING TO WRITE YOUR ASS IIS RULE VIOLATION REPORT FOR ASSAULTING ME BY RUNNING OVER MY FEET WITH YOUR WHEELCHAIR.

4-8

1  (14) DEFENDANT A. SERRANO ACTIONS AND OMISSIONS ESTABLISHED
2  HIS INVOLVEMENT IN USING UNREASONABLE AND UNNECESSARY
3  USE OF FORCE AND THE ABOVE SHOWS DEFENDANT A. SERRANO
4  MENTAL CUPABILITY THAT SERVED NO LEGITIMATE PENOLOGICAL
5  INTEREST OR PURPOSE.

6  (15) AS A DIRECT AND PROXIMATE RESULT THE ACTS AND
7  OMISSIONS OF DEFENDANT A. SERRANO, PLAINTIFF HAS BECOME
8  MENTALLY UPSET, DISTRESSED AND AGGRAVATED, BY REASON OF
9  THE AFORE DISCRIBED ACTS AND OMISSIONS OF DEFENDANT A.
10  SERRANO, PLAINTIFF HAS SUFFERED MENTAL AND PHYSICAL
11  ANGUISH PAIN AND SUFFERING, BUT NOT LIMITED TO NIGHTMARES
12  ANXIETY, HUMILIATION, INDIGNITIES WHERE PLAINTIFF HAD
13  SELF MEDICATED HIM SELF WITH OVER THE COUNTER IBUPROFEN
14  AS WELL AS PLAINTIFF WAS PRESCRIBED GABAPENTIN
15  MEDICATION 800 MILL GRAMS FOR NEUROPATHY PAIN AND
16  I WAS ALSO PRESCRIBED BACLOFEN MEDICATION FOR
17  MUSCLE SPASMS FROM A SPINAL CORD INJURY BETWEEN C6-C7

18  (16) THE AFORE MENTIONED ACTS OF DEFENDANT A. SERRANO
19  WERE WILLFUL, INHUMAN, WANTON, MALICIOUS, OPPRESSIVE,
20  VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE
21  TO AND/OR CALLOUS DISREGARD TO PLAINTIFF DISABILITIES AND
22  JUSTIFY AN AWARD OF COMPENSATORY DAMAGES AND PUNITIVE
23  DAMAGES

24  (17) IN COMMITTING THE ACTS SET FORTH ABOVE, DEFENDANT
25  A. SERRANO VIOLATED PLAINTIFF FEDERALLY PROTECTED RIGHTS
26  UNDER THE EIGHT AMENDMENT TO THE UNITED STATES
27  CONSTITUTION.
28

THIRD CAUSE OF ACTION
DEFENDANT A. SERRANO
SEXUALLY ABUSED PLAINTIFF
FOR EXERCISING HIS RIGHT TO
SEEK PETITION FOR REDRESS
VIOLATING PLAINTIFF EIGHT
AMENDMENT RIGHT TO THE
UNITED STATES CONSTITUTION

(18) ON 2/3/2019 AT APPROXIMATELY 4:50 PM AS PLAINTIFF WAS BEING WHEELCHAIR OUT OF THE DINNING HALL BY INMATE ANTHONY R. HOSKINS SR. DEFENDANT A. SERRANO STATED ASSHOLE CASTLE AND THE PERSON PUSHING HIM TO STEP OUT OF LINE TO BE SEARCHED

(19) THEN DEFENDANT A. SERRANO STATED CASTLE WHY ARE YOU ALWAYS SNITCHING ON STAFF BY WRITING 602/GRIEVANCE COMPLAINS AND FILING LAW SUITS. SINCE PLAINTIFF REFUSED TO TALK, DEFENDANT A. SERRANO STATED LETS GO TO MEDICAL SO I CAN STRIP SEARCH YOUR CRIPPLE ASS

(20) WHILE ON B FACILITY MEDICAL HOLDING TANK/CELL DEFENDANT A. SERRANO ORDERED MO PLAINTIFF TO TAKE OFF ALL MY CLOTHES, ONCE I WAS NUDE DEFENDANT A. SERRANO TOLD PLAINTIFF TO STAND UP AND BEND OVER AND SPREAD YOUR BUTT CHECKS AND COUGH, I SAID IM HAVING PROBLEMS WITH STANDING UP.

(21) DEFENDANT A. SERRANO THEN HANDCUFFED PLAINTIFF AND ATTACKED PLAINTIFF BY SLAMMING ME ON THE GROUND PLAINTIFF WAS SCREAMING IN PAIN AND THEN PUT HIS KNEE ON MY NECK WHILE I

5-11

1  WAS CRYING AND PLEADED WITH DEFENDANT J. COLEMAN TO HELP
2  ME WHICH HE TURNED A BLIND EYE.
3  52 DEFENDANT SERRANO STATED ME AND LIEUTENANT LUGO IS
4  FED UP WITH YOU, I'M WARNING YOU TO STOP THAT BULLSHIT
5  WRITING UP STAFFS. THEN DEFENDANT SERRANO PUT HIS KNEE ON
6  THE LEFT SIDE OF MY FACE AS I CONTINUE TO SCREAM OUT
7  IN PAIN AND DEFENDANT A. SERRANO TOOK HIS BATON AND RUBBED
8  IT IN BETWEEN MY BUTT CHEEKS STATING I SHOULD STICK IT
9  IN YOUR ASS YOU FUCKING CONVICT
10  53 THEN DEFENDANT A. SERRANO SAID THE NEXT TIME I HEAR
11  ABOUT YOU WRITING UP ANOTHER OFFICER I'M GOING TO WRITE YOUR
12  ASS 115 RULE VIOLATION REPORT FOR ASSAULTING ME BY RUNNING
13  OVER MY FEET WITH YOUR WHEELCHAIR
14  54 DEFENDANT A. SERRANO ACTIONS AND OMISSIONS ESTABLISHED
15  HIS INVOLVEMENT IN SEXUALLY ABUSING PLAINTIFF AND THE ABOVE
16  SHOWS DEFENDANT A. SERRANO MENTAL CULPABILITY THAT SERVED NO
17  LEGITIMATE PENOLOGICAL INTEREST OR PURPOSE
18  55 AS A DIRECT AND PROXIMATE RESULT THE ACTS AND
19  OMISSIONS OF DEFENDANT A. SERRANO, PLAINTIFF HAS BECOME
20  MENTALLY UPSET, DISTRESSED AND AGGRAVATED, BY REASON OF
21  THE AFORE DESCRIBED ACTS AND OMISSIONS OF DEFENDANT A.
22  SERRANO, PLAINTIFF HAS SUFFERED MENTAL AND PHYSICAL
23  ANGUISH PAIN AND SUFFERING, BUT NOT LIMITED TO NIGHTMARES,
24  ANXIETY, HUMILIATION, INDIGNITIES.
25  56 THE AFORE MENTIONED ACTS OF DEFENDANT A. SERRANO
26  WERE WILLFUL, INHUMAN, WANTON, MALICIOUS, OPPRESSIVE,
27  VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE
28  TO AND/OR CALLOUS DISREGARD TO PLAINTIFFS AND JUSTIFY

AN AWARD OF COMPENSATORY DAMAGES AND PUNITIVE DAMAGES.

57. IN COMMITTING THE ACTS SET FORTH ABOVE, DEFENDANT
A. SERRANO VIOLATED PLAINTIFF FEDERALLY PROTECTIVE RIGHTS
UNDER THE EIGHT AMENDMENT TO THE UNITED STATES
CONSTITUTION

FOURTH CAUSE OF ACTION
PUTATIVE DEFENDANT J. COLEMAN.
FAILED TO INTERVENE WHEN PLAINTIFF
WAS ATTACHED BY DEFENDANT
A. SERRANO AND DEFENDANT J. COLEMAN
FAILED TO INTERVENE WHEN PLAINTIFF
WAS SEXUALLY ABUSED BY DEFENDANT
A. SERRANO VIOLATING PLAINTIFF
EIGHT AMENDMENT RIGHT TO THE
UNITED STATES CONSTITUTION

58. ON 2/5/2019 AT APPROXIMATELY 4:50 PM AS PLAINTIFF WAS BEING
WHEELCHAIRED OUT OF THE DINNING HALL BY INMATE ANTHONY R. HOSKINS
SR. DEFENDANT A. SERRANO STATED ASSHOLE CASTLE AND THEN PLEASD
PUSHING HIM TO STEP OUT OF LINE TO BE SEARCHED.

59. THEN DEFENDANT A. SERRANO STATED CASTLE WHY ARE YOU ALWAYS
SNITCHING ON STAFF BY WRITING 602'S/GRIEVANCE COMPLAINTS AND
FILING LAW SUITS, SINCE PLAINTIFF REFUSED TO TALK, DEFENDANT
A. SERRANO STATED LETS GO TO MEDICAL SO I CAN STRIP SEARCH
YOUR CRIPPLE ASS

60. WHILE IN B-FACILITY MEDICAL HOLDING BANK/CELL DEFENDANT A.
SERRANO ORDERED PLAINTIFF TO TAKE OFF ALL MY CLOTHES, ONCE I

1  WAS TOTALLY NAKED DEFENDANT A. SERRANO TOLD PLAINTIFF TO
2  STAND UP AND BEND OVER AND SPREAD YOUR BUTT CHECKS AND
3  COUGH, I SAID IM HAVING PROBLEMS WITH STANDING UP.
4  (6) DEFENDANT A. SERRANO THEN HANDCUFFED PLAINTIFF WITH HIS
5  HANDS BEHIND HIS BACK AND DEFENDANT A. SERRANO ATTACKED
6  PLAINTIFF BY SLAMMING ME ON THE GROUND WHILE I WAS SCREAMING
7  IN PAIN AND PUT HIS KNEE ON MY NECK WHILE I WAS CRYING
8  AND PLEADED WITH PUTATIVE DEFENDANT J. COLEMAN TO HELP ME
9  WHICH HE TURNED A BLIND EYE
10 (7) DEFENDANT SERRANO STATED ME AND LIEUTENANT LUGO IS FED
11 UP WITH YOU, IM WARNING YOU TO STOP THAT BULLSHIT WRITING UP
12 STAFFS. THEN DEFENDANT A. SERRANO PUT HIS KNEE ON THE LEFT SIDE
13 OF MY FACE AS I CONTINUE TO SCREAM OUT IN PAIN AND TOOK HIS
14 BATON AND RUBBED IT IN BETWEEN MY BUT CHECKS SAYING I SHOULD
15 STICK IT IN YOUR ASS YOU FUCKING CONVICT
16 (8) THEN DEFENDANT A. SERRANO SAID THE NEXT TIME I HEAR ABOUT
17 YOU WRITING UP ANOTHER OFFICER IM GOING TO WRITE YOUR ASS 115
18 RULE VIOLATION REPORT FOR ASSAULTING ME BY RUNNING OVER MY FEET
19 WITH YOUR WHEELCHAIR.
20 (9) PUTATIVE DEFENDANT J. COLEMAN ACTIONS AND OMISSIONS FAILURE TO
21 NOT INTERVENE WHEN PLAINTIFF WAS ATTACHED BY DEFENDANT A.
22 SERRANO AND PUTATIVE DEFENDANT J. COLEMAN FAILURE TO NOT
23 INTERVENE WHEN PLAINTIFF WAS SEXUALLY ABUSED BY DEFENDANT A.
24 SERRANO AND THE ABOVE SHOW PUTATIVE DEFENDANT J. COLEMAN
25 MENTAL CULPABILITY THAT SERVES NO LEGITIMATE PENOLOGICAL
26 INTEREST OR PURPOSE
27 (10) AS A DIRECT AND PROXIMATE RESULT THE ACTS AND OMISSIONS
28 OF PUTATIVE DEFENDANT J. COLEMAN, PLAINTIFF HAS BECOME

MENTALLY UPSET, DISTRESSED AND AGGRAVATED, BY REASON OF
THE AFORE DESCRIBED ACTS AND OMISSIONS OF DEFENDANT G. COLEMAN
PLAINTIFF HAS SUFFERED MENTAL AND PHYSICAL ANGUISH PAIN AND
SUFFERING, BUT NOT LIMITED TO NIGHTMARES, ANXIETY, HUMILIATION
AND INDIGNITIES

66 THE AFORE MENTIONED ACTS OF DEFENDANT G. COLEMAN WERE
WILLFUL, INHUMAN, WANTON, MALICIOUS, OPPRESSIVE, VEXATIOUS,
DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE TO AND/OR
CALLOUS DISREGARD TO PLAINTIFF AND JUSTIFY AN AWARD OF
COMPENSATORY DAMAGES AND PUNITIVE DAMAGES

67 IN COMMITTING THE ACTS SET FORTH ABOVE, DEFENDANT G. COLEMAN
VIOLATED PLAINTIFF FEDERALLY PROTECTIVE RIGHTS UNDER THE
EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

GRANT PLAINTIFF THE FOLLOWING RELIEF:

(A) ADJUDGE AND DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED ABOVE ARE IN VIOLATION OF THE FIRST AND EIGHT AMENDMENT WHICH GRANTS CONSTITUTIONAL PROTECTION TO PLAINTIFF

(B) AWARD PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $ 300,000

(C) AWARD PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $ 350,000

(D) AWARD PLAINTIFF THE COST OF THIS LAWSUIT

(E) AWARD PLAINTIFF THE COURT COST

(F) AWARD PLAINTIFF SUCH OTHER AND FURTHER RELIEF THE COURT DEEMS JUST AND PROPER

FEBRUARY 24, 2021
(Date)

(Signature of Plaintiff)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: JUL 2 3 2019

In re:   Sylee Castle, C82790
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

TLR Case No.: 1904480          Local Log No.: LAC-19-01230

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I     APPELLANT'S ARGUMENT:** It is the appellant's position that on February 2, 2019, Correctional Officer (CO) A. Serrano stated, "Asshole Castle" and stated, "Castle why are you always snitching on staff by writing 602's and filling lawsuits?" CO Serrano then stated, "Lets go to medical so I can search your cripple ass." Once out of view of others, CO Serrano ordered him to take off all his clothes. When he told CO Serrano he was having problems standing up CO Serrano handcuffed him, threw him on the ground, and put his knee on his (the appellant's) neck while he (the appellant) pleaded with the black Officer for help. CO Serrano then put his knee on the left side of his (the appellant's) face and rubbed his (CO Serrano) baton in between his (the appellant's) butt cheeks stating, "I should stick it in your ass you fucking convict" and the "next time I hear about you writing up another Officer Im going to write your ass 115 for assaulting me by running over my feet in your wheelchair."

The appellant requests the retaliation by CO Serrano be stopped; CO Serrano be fired; and no retaliation.

**II     SECOND LEVEL'S DECISION:** The reviewer found no basis for granting this appeal. The review of the allegation of staff misconduct presented in the written complaint was completed and based upon this review the appellant's appeal was process as an appeal inquiry. The inquiry included a review of the evidence, an evaluation of any interview conducted, and a review of pertinent documents and current policies, laws, and procedures. All staff personnel matters are confidential in nature. The appellant will only be notified whether the actions of staff were or were not in compliance with policy. The inquiry was completed and it was found that staff did not violate policy with respect to the issue appealed. The appeal was partially granted at the Second Level of Review (SLR) in that an inquiry was conducted.

**III     THIRD LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, it was determined by the Third Level of Review (TLR) that the appellant's allegation was appropriately reviewed and evaluated by administrative staff. All staff personnel matters are confidential in nature and will not be disclosed to other staff, the general public, the inmate population, or the appellant. If the conduct of staff was determined to not be in compliance with policy, the institution will take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. While the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process.

The confidential inquiry was reviewed at the TLR. The TLR concurs with the determination of the SLR and finds the institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed. It is also noted the appellant's sexual misconduct allegations were investigated by the Local Designated Investigator and found to not meet the PREA threshold pursuant to CDCR Operations Manual, Section (DOM) 54040.3. No relief is warranted at the TLR.

SYLEE CASTLE, C82790
CASE NO. 1904480
PAGE 2

The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3005, 3084.1, 3084.9, 3268, 3270, 3271, 3391
DOM: 54100.4

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

M. HODGES, Appeals Examiner
Office of Appeals

cc:      Warden, LAC
         Appeals Coordinator, LAC

State of California
Attachment E-2
Department of Corrections and Rehabilitation

# Memorandum

Date :   April 3, 2019

To   :   Sylee Castle, C82790
Facility B, Building 1, Cell 114L
California State Prison – Los Angeles County

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # LAC-B-19-01230 SECOND LEVEL RESPONSE**

### APPEAL ISSUE:

The Appellant claims on February 3, 2019, while being assisted from the dining hall, Correctional Officer A. Serrano escorted him to the medical clinic, handcuffed him, threw him from his wheelchair, placed a knee on the left side of his face, then utilized his baton to place between the Appellant's buttocks.

### DETERMINATION OF ISSUE:

The Appellant's allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of said review his appeal was referred for an Appeal Inquiry.

### SUMMARY FOR APPEAL INQUIRY:

The Appellant was interviewed on March 7, 2019, and stated, "I don't have anything else to add, it's all there in writing".

### EFFECTIVE COMMUNICATION:

An **Appeal Inquiry** has been conducted and reviewed by the Hiring Authority. The following individuals were interviewed: Correctional Officers A. Serrano, J. Lepe, J. Coleman, and various inmates. As a result of the Appellant staff misconduct allegation the following information was reviewed: Staff Complaint (CDCR 602 Appeal Form) Log Number LAC-B-19-01230. Staff did not violate CDCR policy with respect to the issues raised.

### FINDINGS:

The Appellant's appeal is PARTIALLY GRANTED in that an Appeal Inquiry into his allegation has been conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE**. As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

R.C. Johnson

R.C. JOHNSON
Warden (A)
California State Prison – Los Angeles County

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Svell Castle | | 2/12/2019 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Svell Castle | | C62790 | 2/12/19 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

1904480

C82790

**IAB USE ONLY**

Institution/Parole Region: LAC-B   Log #: 14-01230   Category: 7

*FOR STAFF USE ONLY*   Side 1

You may appe_____nd Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): CASTLE   SYELL CASSEL
CDC Number: C82790
Unit/Cell Number: B-1-114
Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 2/3/2019 AT APPROXIMATELY 4:50 PM AS I WAS BEING WHEELCHAIR OUT OF THE DINNING HALL C/O A. SEAR AND SOANED ASSHOLE CASSLE AND THE PEASON GUARD WAS PUSHING ME TO STEP OUT OF LINE TO BE SEARCHED.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I REQUEST THIS RETALIATION BY C/O A. SEAR AND BE STOP AND THAT HE BE FIRED FOR RETALIATING AGAINST ME AND SEXUALLY ASSULTING ME. I REQUEST THAT BE NO RETALIATION SUCH AS CELL SEARCHING.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____
_____
_____

☑ No, I have not attached any supporting documents. Reason: CONFIDENTIAL

Inmate/Parolee Signature: CL Yui   Date Submitted: 2/12/19

☐ By placing my initials in this box, I waive my right to receive an interview.

FEB 19 2019

STAFF USE ONLY

REC BY OOA
MAY 0 3 2019

**C. First Level - Staff Use Only**
This appeal has been:   Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____
        (Print Name)
Reviewer: _____ Title: _____ Signature: _____ Date completed: _____
        (Print Name)
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____     Date Submitted : _____

**E. Second Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____     Date: _____     Date: _____     Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: **PH/AB**   Title: **AW**   Date Assigned: **2-26-19**   Date Due: **4-10-19**

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: **3/7/19**     Interview Location: **B Program**

Your appeal issue is: ☐ Granted   ☑ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: **Johnson R** (Print Name)   Title: **Lieutenant**   Signature: _____   Date completed : **3/14/2019**

Reviewer: **R L Johnson** (Print Name)   Title: **Warden**   Signature: **R L Johnson**

Date received by AC: **APR 10 2019**

| AC Use Only |
| Date mailed/delivered to appellant   **APR 10 2019** |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED: ON MARCH 7, 2019 APPELLANT WAS INTERVIEWED: DURING THE INTERVIEW BY LT. R. JOHNSON SHE REQUESTED THE NAMES OF APPELLANT WITNESSES. I SAID THE WITNESSES REQUESTED TO BE/REMAIN OUT OF FEAR OF RETALIATION, WHEN APPELLANT REFUSED TO REVEAL HIS WITNESSES LT. R. JOHNSON BECAME VERY HOSTILE AND BELLIGERENT TOWARDS APPELLANT

Inmate/Parolee Signature: **Cal**     Date Submitted: **4/25/19**

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☑ Denied   ☐ Other: _____
See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant   **JUL 2 5 2019** |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____     Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: | Side 1 |
|---|---|---|---|---|
| 1904480 | LAC-B | 19-01230 | 7 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): SVLCC CASPLC

CDC Number: C82790   Unit/Cell Number: Ø-1-114   Assignment:

**A. Continuation of CDCR 602, Section A only (Explain your issue):** filed c/o A. SERRANO senses and filing law suits since I refused to back, c/o A. SERRANO senses begs to go to medical so I can soun search your c. cripple ass. As I was out of view of officers, c/o A. SERRANO oad cal me go game off of all my clooches, once I was totally naked he told me to stand up and bend over and core spreas your cheek and cough, I said im having problems with standing up. c/o A. SERRANO then handcuffed me and threw me on the ground and put his knee on my neck while flexing with the officer black officer do mult whicen me evanco a blind eye, then c/o A. SERRANO senses im warning you to stop being bullshit warning up senses, filed c/o A. SERRANO put his knee on the left side of my face and took out his baton and rubbed it in between my butt cheeks seagers I should stick it in your ass you fucking convict, then he said one next time I hear about you warning up another officer im going to write your ass up for assaulting me by running over my face in your wheelchair.

Inmate/Parolee Signature: _CL_   Date Submitted: 2/12/19

**B. Continuation of CDCR 602, Section B only (Action requested):** planting contraband in my cell, or on my personal body, bills I do not be single out by other staffs and harassed and bring no falsified 115 be filled against me for warning this appeal. these are these officer witness who request to be anonymous out of fear of retaliation

Inmate/Parolee Signature: _CL_   Date Submitted: 2/12/2019

FEB 10 2019
STAFF USE ONLY
RED BY OOA
MAY 0 3 2019

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____ **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** STATING I WILL USE MY CONFIDENSIAL INFORMANTS AS VARIOUS WITNESSES TO SAY THEY DIDNT SEE OR HEARD C/O A. SERRANO SAY ANYTHING TO INMATE CASTLE. THIS INTERVIEW WAS CLEARLY THE GREEN WALL CODE OF SILENCE ORGANIZE COVER-UP BY USING HER CONFIDENSIAL INFORMANTS AS WELL AS HERSELF TO COVER-UP THE WRONG DOING BY C/O A. SERRANO. THERE IS ONLY ONE WAY C/O A. SERRANO WOULD KNOW THAT I HAD FILED A LAWSUIT TOWARDS LT. A. LUGO AND ASSOCIATES WARDEN C. WOOD LT. A. LUGO HAS TO HAVE TOLD A. SERRANO DO TO THE FACT LT. A. LUGO WAS THE LT. ON FACILITY B FOR MANY YEARS AND HAVE CLOSE PERSONAL TIES WITH OFFICERS ON FACILITY B.

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** CL **Date Submitted:** 4/25/19